UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CYMEYON HILL,

   Plaintiff,

 v.

DR. DARREN BRIGHT, et al.,

   Defendants.

Case No. 20-cv-02581-YGR (PR)

**ORDER OF SERVICE**

## I. INTRODUCTION

Plaintiff, a civil detainee currently in custody at Salinas Valley State Prison ("SVSP"), filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983.[1] Plaintiff's motion for leave to proceed *in forma pauperis* will be granted in a separate order.

Plaintiff has named as Defendants in this action the following SVSP physicians: Dr. Darren Bright (Chief Physician) and Dr. Silva.[2] Dkt. 1 at 2.[3] Venue is proper because the events giving rise to the claims are alleged to have occurred at SVSP, which is located in this judicial district. *See* 28 U.S.C. § 1391(b). Plaintiff seeks monetary and punitive damages.

## II. DISCUSSION

### A. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C.

---

[1] Petitioner had initially filed the instant civil rights action in the Eastern District of California. *See* Dkt. 1. Thereafter, the Eastern District ordered the case transferred to the Northern District. Dkt. 4. The case was then transferred from the Eastern District to this Court. Dkt. 5.

[2] The Clerk of the Court listed the named defendants as "Narren Bright" and "Silvg" because Plaintiff's handwriting on his complaint is difficult to decipher. *See* Dkt. 1 at 2. However, upon reading the complaint more closely, the Court has deciphered Plaintiff's handwriting and directs the Clerk to correct the spelling of these Defendants' names from "Narren Bright" to "Dr. Darren Bright," and from "Silvg" to "Dr. Silva." *See id.*

[3] Page number citations refer to those assigned by the Court's electronic case management filing system and not those assigned by Plaintiff.

1   § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims
2   that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek
3   monetary relief from a defendant who is immune from such relief.  *Id*. § 1915A(b)(1), (2).  *Pro se*
4   pleadings must be liberally construed.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th
5   Cir. 1988).

6       To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:
7   (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that
8   the alleged violation was committed by a person acting under the color of state law.  *West v.*
9   *Atkins,* 487 U.S. 42, 48 (1988).

### B.     Legal Claim

Deliberate indifference to a prisoner's serious medical needs amounts to the cruel and unusual punishment prohibited by the Eighth Amendment.  *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds by WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).  A prison official violates the Eighth Amendment only when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious, and (2) the official is, subjectively, deliberately indifferent to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

Plaintiff claims that on July 24, 2019, he was "diagnosed with a serious medical c[h]ronic condition by oral specialist [Dr.] Juan Luque . . . ." Dkt. 1 at 3.  Plaintiff claims that on February 15, 2020, Defendants Bright and Silva were deliberately indifferent to his serious medical condition "by refusing to issue the following treatment plan for [his] c[h]ronic condition ordered by [Dr. Luque]," which included "Gabapecitin 300 mg. tid [(three times a day)]," along with "[a] soft diet and [and] occlusal splint [flat plane] with full contact." *Id.* at 3, 5.  Plaintiff claims that Defendants' denial of treatment exacerbated his medical condition "over a period of 5 months," which caused him "severe pain" and prevented him from sleeping "due to the c[h]ronic pain." *Id.* at 3.  Liberally construed, the allegations above state a claim of deliberate indifference against Defendants Bright and Silva.

2

1    Lastly, as an attachment to his complaint, Plaintiff filed a document without a title, in
2    which he complains that "on March 20, 2020 [his] legal mail was opened and not sealed . . . ."
3    Dkt. 1 at 7. Thus, he "ask[s] the Court to seal all mail without tape because the [SVSP] mailroom
4    supervisor may be illegally opening [his] mail without authorization." *Id.* Plaintiff also requests
5    that the Court "call the prison warden and tell them about the issue [relating to the illegal opening
6    of his mail], [and] also please have all [his] legal mail fully sealed without tape for the protection
7    of [his] legal confidentiality." *Id.* at 9. This request is DENIED because Plaintiff has not shown a
8    sufficient reason for this Court to interfere in the day-to-day operations of the prison, including its
9    mailroom. *See Turner v. Safley*, 482 U.S. 78, 84-86 (1987); *Wright v. Rushen*, 642 F.2d 1129,
10   1132 (9th Cir. 1981) (courts should avoid enmeshing themselves in minutiae of prison operations
11   in name of constitution)

## III.   CONCLUSION

For the foregoing reasons, the Court orders as follows:

1.  The complaint, liberally construed, states a cognizable Eighth Amendment claim of deliberate indifference to Plaintiff's serious medical needs against Defendants Bright and Silva.

2.  The Clerk shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint and all attachments thereto (dkt. 1), and a copy of this Order to the following Defendants: **SVSP physicians Dr. Darren Bright (Chief Physician) and Dr. Silva.** The Clerk also shall mail a copy of the complaint and a copy of this Order to the State Attorney General's Office in San Francisco. Additionally, the Clerk shall mail a copy of this Order to Plaintiff.

3.  Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and complaint. Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fail to do so, Defendants will be required to bear the cost of such service unless good cause be shown for the failure to sign and return the waiver form. If service is waived, this action will proceed as if Defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be

1    required to serve and file an answer before **sixty (60) days** from the date on which the request for
2    waiver was sent.  (This allows a longer time to respond than would be required if formal service of
3    summons is necessary.)  Defendants are asked to read the statement set forth at the foot of the
4    waiver form that more completely describes the duties of the parties with regard to waiver of
5    service of the summons.  If service is waived after the date provided in the Notice but before
6    Defendants personally have been served, the Answer shall be due **sixty (60) days** from the date on
7    which the request for waiver was sent or **twenty (20) days** from the date the waiver form is filed,
8    whichever is later.

9        4.    Defendants shall answer the complaint in accordance with the Federal Rules of
10   Civil Procedure.  The following briefing schedule shall govern dispositive motions in this action:

11       a.    No later than **sixty (60) days** from the date their answer is due, Defendants
12   shall file a motion for summary judgment or other dispositive motion.  The motion must be
13   supported by adequate factual documentation, must conform in all respects to Federal Rule of
14   Civil Procedure 56, and must include as exhibits all records and incident reports stemming from
15   the events at issue.  A motion for summary judgment also must be accompanied by a *Rand*[4] notice
16   so that Plaintiff will have fair, timely, and adequate notice of what is required of him in order to
17   oppose the motion.  *Woods v. Carey*, 684 F.3d 934, 935 (9th Cir. 2012) (notice requirement set out
18   in *Rand* must be served concurrently with motion for summary judgment).  A motion to dismiss
19   for failure to exhaust available administrative remedies must be accompanied by a similar notice.
20   However, the Court notes that under the new law of the circuit, in the rare event that a failure to
21   exhaust is clear on the face of the complaint, Defendants may move for dismissal under Rule
22   12(b)(6), as opposed to the previous practice of moving under an unenumerated Rule 12(b)
23   motion.  *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (overruling *Wyatt v. Terhune*, 315
24   F.3d 1108, 1119 (9th Cir. 2003), which held that failure to exhaust available administrative
25   remedies under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), should be raised by a
26   defendant as an unenumerated Rule 12(b) motion).  Otherwise, if a failure to exhaust is not clear

---

[4] *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998).

4

1   on the face of the complaint, Defendants must produce evidence proving failure to exhaust in a
2   motion for summary judgment under Rule 56.  *Id.*  If undisputed evidence viewed in the light most
3   favorable to Plaintiff shows a failure to exhaust, Defendants are entitled to summary judgment
4   under Rule 56.  *Id.*  But if material facts are disputed, summary judgment should be denied and the
5   district judge rather than a jury should determine the facts in a preliminary proceeding.  *Id.* at
6   1168.

7         If Defendants are of the opinion that this case cannot be resolved by summary judgment,
8   Defendants shall so inform the Court prior to the date the summary judgment motion is due.  All
9   papers filed with the Court shall be served promptly on Plaintiff.

10        b.    Plaintiff's opposition to the dispositive motion shall be filed with the Court
11  and served on Defendants no later than **twenty-eight (28) days** after the date on which
12  Defendants' motion is filed.

13        c.    Plaintiff is advised that a motion for summary judgment under Rule 56 of
14  the Federal Rules of Civil Procedure will, if granted, end your case.  Rule 56 tells you what you
15  must do in order to oppose a motion for summary judgment.  Generally, summary judgment must
16  be granted when there is no genuine issue of material fact—that is, if there is no real dispute about
17  any fact that would affect the result of your case, the party who asked for summary judgment is
18  entitled to judgment as a matter of law, which will end your case.  When a party you are suing
19  makes a motion for summary judgment that is supported properly by declarations (or other sworn
20  testimony), you cannot rely simply on what your complaint says.  Instead, you must set out
21  specific facts in declarations, depositions, answers to interrogatories, or authenticated documents,
22  as provided in Rule 56(c), that contradict the facts shown in the defendant's declarations and
23  documents and show that there is a genuine issue of material fact for trial.  If you do not submit
24  your own evidence in opposition, summary judgment, if appropriate, may be entered against you.
25  If summary judgment is granted, your case will be dismissed and there will be no trial.  *Rand*, 154
26  F.3d at 962-63.

27        Plaintiff also is advised that—in the rare event that Defendants argue that the failure to
28  exhaust is clear on the face of the complaint—a motion to dismiss for failure to exhaust available

5

administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice. To avoid dismissal, you have the right to present any evidence to show that you did exhaust your available administrative remedies before coming to federal court. Such evidence may include: (1) declarations, which are statements signed under penalty of perjury by you or others who have personal knowledge of relevant matters; (2) authenticated documents—documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers such as answers to interrogatories or depositions; and (3) statements in your complaint insofar as they were made under penalty of perjury and show that you have personal knowledge of the matters state therein. As mentioned above, in considering a motion to dismiss for failure to exhaust under Rule 12(b)(6) or failure to exhaust in a summary judgment motion under Rule 56, the district judge may hold a preliminary proceeding and decide disputed issues of fact with regard to this portion of the case. *Albino*, 747 F.3d at 1168.

The notices above do not excuse Defendants' obligation to serve similar notices again concurrently with motions to dismiss for failure to exhaust available administrative remedies and motions for summary judgment. *Woods*, 684 F.3d at 935.

    d.    Defendants shall file a reply brief no later than **fourteen (14) days** after the date Plaintiff's opposition is filed.

    e.    The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

5. Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure. Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to Defendants to depose Plaintiff and any other necessary witnesses confined in prison.

6. All communications by Plaintiff with the Court must be served on Defendants or Defendants' counsel, once counsel has been designated, by mailing a true copy of the document to them.

7. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Pursuant to Northern District Local Rule 3-11, a party proceeding *pro se* whose address changes

1   while an action is pending must file a notice of change of address promptly, specifying the new
2   address.  *See* L.R. 3-11(a).  The Court may dismiss without prejudice a complaint when: (1) mail
3   directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and
4   (2) the Court fails to receive within sixty days of this return a written communication from the *pro*
5   *se* party indicating a current address.  *See* L.R. 3-11(b).

      8.    Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

IT IS SO ORDERED.

Dated:  December 15, 2020

_____
YVONNE GONZALEZ ROGERS
United States District Judge